**FILED**

APR 2 2 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Jabril L. Ibrahim, )
)
Plaintiff, )
)
v. ) Civil Action No.  09 0732
)
Law Office of Latham & Watkins *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION

This matter comes before the court on consideration of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and dismiss the complaint.

Pleading federal question jurisdiction under 28 U.S.C. § 1331, the complaint asserts claims against lawyers who served as plaintiff's *pro bono* counsel more than fifteen years ago in *Anderson v. D.C. Public Defender Service*, Civil Action No. 90-2090 (LFO) (D.D.C.). Compl. at 1, 3-5. Plaintiff alleges that his former counsel committed malpractice, breached their duty to represent him zealously, and were negligent in representing him. *Id.* at 3-4, 7-8. He alleges that their failures resulted in an injunction first imposed by Judge Oberdorfer in 1993, restricting plaintiff's ability to file civil actions without a specific certification and application for leave to file. *Id.* at 4-5.[1] He further alleges that the failures of these lawyers violated his rights under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments, *id.* at 5-7, as well as a perceived

---

[1] The injunction was lifted by Minute Order entered Feb. 25, 2009, although plaintiff apparently did not know that at the time he submitted this complaint. *See* Docket in Civil Action No. 90-cv-2090.

prohibition imposed by 18 U.S.C. § 3626 on injunctions extending longer than two years, *id.* at 4, 7. He also alleges a criminal conspiracy among the defendants. *Id.* at 8-9. He seeks relief in compensatory and punitive damages in excess of $1.3 million. *Id.* at 9.

Plaintiff's constitutional claims fail to state a claim upon which relief may be granted against these defendants. The amendments to the constitution do not restrain private citizens such as plaintiff's former *pro bono* counsel; the amendments impose limits only on the federal government. Thus, plaintiff cannot state a claim for a violation of his federal constitutional rights upon which relief may be granted against these defendants, and these constitutional claims will be dismissed.

Plaintiff also invokes a provision in the United States criminal code, 18 U.S.C. § 3626, but this provision does not afford the plaintiff a right of action against the defendants. In fact, it is inapplicable in any way to Judge Oberdorfer's 1993 filing injunction. By its express terms, § 3626 applies only to court ordered prospective relief addressing prison conditions. *See* 18 U.S.C. § 3626. For this reason, to the extent the complaint intends to assert a claim under 18 U.S.C. § 3626, that claim will be dismissed. Citing another provision of the criminal code, 18 U.S.C. § 241, the plaintiff asserts a conspiracy claim against the defendants, alleging only that "[d]efendants succinctly covered up the deprivation done to plaintiff in his criminal case [F-7226-88] by not summoning plaintiff to speak in his own behalf at the injunction hearing in May 1995 . . . to preempt the need for an injunction." Compl. at 9 (ellipses in the original). Without addressing other deficiencies in this pleading, there is no private right of action under 18 U.S.C. § 241. Only the federal government can bring an action for criminal conspiracy under 18 U.S.C.

- 2 -

§ 241.  Here, again, the plaintiff has failed to state a claim upon which relief may be granted against these defendants, and the asserted conspiracy claim will also be dismissed.

Given that the court will dismiss all the claims that could possibly serve as a basis for federal jurisdiction, it declines to exercise supplemental jurisdiction over the remaining state and common law claims.  28 U.S.C. § 1367(c)(2), (3).  Accordingly, the complaint will be dismissed in its entirety.

A separate order accompanies this memorandum opinion.

Date: _April 15, 2009_

_____
United States District Judge